## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

WILLIAM WALTER CRIST, JR.,

      Petitioner,

      v.

KATHLEEN KANE, Attorney
General of Pennsylvania, et al.,

      Respondents.

CIVIL ACTION NO. 3:14-cv-01412

(CAPUTO, J.)
(SAPORITO, M.J.)

## REPORT AND RECOMMENDATION

On July 22, 2014, the petitioner, appearing through counsel, filed a petition for a writ of habeas corpus submitted pursuant to 28 U.S.C. § 2254. (Doc. 1). At the time of filing, Crist was incarcerated at SCI Huntingdon, which is located in Huntingdon County, Pennsylvania.

### I. STATEMENT OF THE CASE

#### A. Procedural History

Crist was charged by criminal information with rape, aggravated indecent assault, and indecent assault. On November 23, 2011, following a two-day jury trial in the Court of Common Pleas of Huntingdon County, Crist was found guilty of aggravated indecent assault and indecent assault, but not guilty of rape. *Commonwealth v.*

*Crist*, No. CP-60-CR-0000286-2010, slip op. at 1 (Union County C.C.P. June 14, 2012) (order denying post-sentence motion) (Doc. 1, at 6; Doc. 13-1, at 86); *Commonwealth v. Crist*, No. 1175 MDA 2012, 2013 WL 11250839, at *1, *6 (Pa. Super. Ct. Nov. 8, 2013) (summarizing procedural history).[1] On February 27, 2012, Crist was sentenced to serve an aggregate term of two to ten years in prison.[2] *Crist*, 2013 WL 11250839, at *6. On November 8, 2013, his conviction and sentence were affirmed by the Superior Court of Pennsylvania on direct appeal. *Crist*, 2013 WL 11250839, at *12. He did not file a petition for allocatur with the Supreme Court of Pennsylvania. Nor has he sought post-conviction collateral relief under the state Post-Conviction Relief Act (the "PCRA").

Crist filed the instant federal petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on July 22, 2014. (Doc. 1). The next day,

---

[1] In addition to the petition, a federal habeas court may take judicial notice of state and federal court records. *Montanez v. Walsh*, Civil Action No. 3:CV-13-2687, 2014 WL 47729, at *4 n.1 (M.D. Pa. Jan. 7, 2014); *see also Reynolds v. Ellingsworth*, 843 F.2d 712, 714 n.1 (3d Cir. 1988).

[2] Crist was sentenced to serve a term of two to ten years in prison for aggravated indecent assault and a concurrent term of nine months to five years in prison for indecent assault. (*See* Doc. 3, at 6).

he filed a brief in support and a voluminous appendix of exhibits culled from the state court record. (Doc. 2; Doc. 3; Doc. 4). On October 22, 2014, the respondents filed their answer to the petition, together with their own appendix of exhibits. (Doc. 13; Doc. 13-1). Although permitted to do so, the petitioner declined to file a reply. (*See* Doc. 8 ¶ 6). *See generally* R. 5(e), 28 U.S.C. foll. § 2254.

### B. Habeas Claims Presented

The petition has asserted that Crist is entitled to relief under 28 U.S.C. § 2254 for the following reasons:

(1)   The admission at trial of certain testimony characterized by Crist as inadmissible evidence of other crimes and wrongs deprived him of his due process right to a fair trial; and

(2)   Crist's conviction for aggravated indecent assault was based on insufficient evidence as a matter of law because there was no evidence that he penetrated the victim's vagina with his finger.

Crist addressed both of these issues on direct appeal to the Superior Court of Pennsylvania, albeit couched in state-law terms.[3]

## II.   DISCUSSION

### A. Evidentiary Ruling

Crist asserts a Fourteenth Amendment due process claim that he was denied a fair trial due to the admission of certain testimony by S.L., the mother of the victim's boyfriend and Crist's girlfriend at the time. Prior to his trial, Crist filed a motion *in limine* in which he

> sought to exclude the following portions of S.L.'s proposed testimony: 1) that [Crist] "attempted to get after S.L. when they went to bed and that [Crist] began groping S.L.[,]" and 2) that [Crist] "began to strike at S.L. with a large knife and that, when [Crist] realized it was S.L., he allegedly stated 'you are not the one I am looking for.'" [Crist] claimed that the above testimony was inadmissible under Pennsylvania Rule of Evidence 404(b)(1), as it constituted "prior bad acts" evidence.

*Crist*, 2013 WL 11250839, at *10 (citations and brackets omitted). The trial court denied the motion *in limine*, holding that "evidence that [Crist] 'attempted to get after S.L. when they went to bed and that

---

[3] The respondent suggests that neither of these federal habeas claims was properly presented to the state appellate court, arguing that they were challenged on direct appeal solely on the basis of state law, without any explicit reference to the petitioner's federal constitutional rights.

[Crist] began groping S.L.' was admissible to prove that [Crist] still had the ability to engage in sexual relations, even though [Crist] was extremely intoxicated," and that "evidence regarding the knife was admissible to prove [Crist's] consciousness of guilt." *Id.* at *11 (brackets omitted). On direct appeal, the Superior Court reviewed this claim on its merits, applying Pennsylvania law and "conclud[ing] that the trial court correctly denied [Crist's] motion." *Id.* at *11–*12.

The respondent contends that this claim was presented to the state courts on state-law grounds exclusively, and thus the instant federal constitutional claim, grounded in the Due Process Clause of the Fourteenth Amendment, is not exhausted because it was not fairly presented to the state courts.

Generally, for this Court to address the merits of a habeas petition, all of the claims contained in the petition must be exhausted. 28 U.S.C. § 2254(b). Ordinarily, "[t]he exhaustion requirement is satisfied only if the petitioner can show that he fairly presented the federal claim at each level of the established state-court system for review." *Holloway v. Horn*, 355 F.3d 707, 714 (3d Cir. 2004); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999) ("[T]he exhaustion

doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . ."). "'Fair presentation' of a claim means that the petitioner 'must present a federal claim's factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted.'" *Holloway*, 355 F.3d at 714 (quoting *McCandless v. Vaughn*, 172 F.3d 255, 261 (3d Cir. 1999)). A federal claim may be exhausted by presenting it either on direct appeal or in post-conviction PCRA proceedings. *See O'Sullivan*, 526 U.S. at 844 (citing *Brown v. Allen*, 344 U.S. 443, 447 (1953)). In Pennsylvania, a federal claim may be exhausted by presenting it to the Superior Court of Pennsylvania, either on direct appeal from a state criminal conviction or on appeal from a PCRA court's denial of post-conviction relief. *See Lambert v. Blackwell*, 387 F.3d 210, 233 (3d Cir. 2004); *see also In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases*, Order No. 218, 30 Pa. Bull. 2582 (Pa. May 9, 2000); Pa. R. App. P. 1114 historical notes (Order of May 9, 2000).

Here, there is no doubt that Crist challenged the admission of this evidence, but he did not give the state courts "fair notice" that he was

asserting a federal constitutional claim rather than claim that the trial court violated the state rules of evidence.[4] In his original motion *in limine*, Crist asserted only that the proposed testimony should be excluded under Rule 404(b) of the Pennsylvania Rules of Evidence, with no reference to any federal constitutional issue. (*See* Doc. 3, at 27–28). When oral argument on this motion was presented to the trial court, counsel addressed the application of state rules of evidence only, with no reference to a federal constitutional issue. (*See id.* at 58–62; Doc. 3-1, at 1). In denying the motion from the bench, the trial court discussed the application of state rules of evidence only, weighing the probative value of the testimony against any potential prejudice its admission might cause, with no reference to federal due process considerations. (*See* Doc. 3-1, at 1–3). After sentencing, Crist moved for a new trial based on the same state-law grounds, with no reference to a federal issue of due process. (*See* Doc. 4-2, at 77–78; Doc. 13-1, at 122–23). The

---

[4] We do not review the correctness of the state court's evidentiary ruling itself. "A federal habeas court . . . cannot decide whether the evidence in question was properly allowed under the state law of evidence. A federal habeas court is limited to deciding whether the admission of the evidence rose to the level of a due process violation . . . ." *Keller v. Larkins*, 251 F.3d 408, 416 n.2 (3d Cir. 2001).

trial court denied Crist's post-sentence motion on this issue on the same grounds as it provided in its earlier bench ruling. (*Id.* at 80). On appeal, Crist's briefs once again limited his challenge to state-law grounds only, with no reference to any federal constitutional issue. (*See* Doc. 13-1, at 68–75). In affirming the trial court's denial of the motion *in limine*, the Superior Court discussed the application of state law only, without any reference to federal due process considerations. *Crist*, 2013 WL 11250839, at *10–*12.

"If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial proceeding denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court." *Duncan v. Henry*, 513 U.S. 364, 366 (1995) (per curiam); *see also Keller v. Larkins*, 251 F.3d 408, 414 (3d Cir. 2001) (quoting *Duncan*). Crist failed to fairly present a federal due process claim with respect to this testimony at any of phase of the state court proceedings. *See Duncan*, 513 U.S. at 365–66; *Keller*, 251 F.3d at 413–15.

Nevertheless, if this claim were to be dismissed without prejudice for failure to exhaust, and Crist were to return to state court now to

attempt to exhaust this claim in a PCRA petition, his PCRA petition would be untimely and the matter would be dismissed by the state court pursuant to 42 Pa. Cons. Stat. Ann. § 9545(b). *See Keller*, 251 F.3d at 415. Under this state statute, a PCRA petition must be filed "within one year of the date the judgment becomes final," subject to certain enumerated exceptions not applicable here. *See* 42 Pa. Cons. Stat. Ann. § 9545(b). "When a claim is not exhausted because it has not been 'fairly presented' to the state courts, but state procedural rules bar the applicant from seeking further relief in state courts, the exhaustion requirement is satisfied because there is 'an absence of available State corrective process.'" *McCandless*, 172 F.3d at 260 (quoting 28 U.S.C. § 2254(b)(1)(B)(i)); *see also Coleman v. Thompson*, 501 U.S. 722, 732 (1991) ("A habeas petitioner who has defaulted his federal claims in state court meets the technical requirements for exhaustion; there are no state remedies any longer 'available' to him."). Thus, for the purpose of this federal habeas petition, Crist's federal due process claim concerning S.L.'s testimony is technically exhausted. *See Hurlburt v. Lawler*, Civil No. 1:CV-03-0665, 2008 WL 2973049, at *12 (M.D. Pa. Aug. 4, 2008).

"Even so, this does not mean that a federal court may, without more, proceed to the merits. Rather, claims deemed exhausted because of a state procedural bar are procedurally defaulted . . . ." *Lines*, 208 F.3d at 160. Generally, a federal court will not review a claim that is procedurally defaulted. *Johnson v. Folino*, 705 F.3d 117, 127 (3d Cir. 2013). A claim is procedurally defaulted when "a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule." *Coleman*, 501 U.S. at 750. The one-year statute of limitations applicable to state PCRA proceedings has been held to be such an independent and adequate state procedural rule. *See Glenn v. Wynder*, 743 F.3d 402, 409 (3d Cir. 2014); *Banks v. Horn*, 49 F. Supp. 2d 400, 403–07 (M.D. Pa. 1999). *See generally Bronshtein v. Horn*, 404 F.3d 700, 708–10 (3d Cir. 2005) (discussing history and strict application of the PCRA statute of limitations since 1999).

Notwithstanding procedural default, a federal court may review a habeas claim where the petitioner can demonstrate cause for the default and actual prejudice as a result, or that failure to review the claim will result in a fundamental miscarriage of justice. *Coleman*, 501

U.S. at 750; *McCandless*, 172 F.3d at 260. It is the petitioner's burden to demonstrate circumstances excusing procedural default. *See Sweger v. Chesney*, 294 F.3d 506, 520 (3d Cir. 2002); *see also Coleman*, 501 U.S. at 750; *Lines v. Larkins*, 208 F.3d 153, 160 (3d Cir. 2000). To demonstrate "cause" for a procedural default, the petitioner must show that "some objective factor external to the [petitioner's] defense impeded [his] efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Meanwhile, to demonstrate "actual prejudice," the petitioner must show "not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantive disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original); *Mutope v. Folino*, No. Civ. 3:CV-04-2053, 2005 WL 3132315, at *3 (M.D. Pa. Nov. 22, 2005)). Alternatively, to show that a fundamental miscarriage of justice will occur if the claims are not reviewed, a petitioner must present new evidence that he is actually innocent of the crime for which he has been convicted. *Cristin v. Brennan*, 281 F.3d 404, 412 (3d Cir. 2002); *see also Bousley v. United States*, 523 U.S. 614, 623 (1998) ("'[A]ctual innocence

means factual innocence, not mere legal insufficiency."); *Schlup v. Delo*, 513 U.S. 298, 327 (1995) ("[A] petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.").

Crist is represented by counsel in this matter. Neither his original petition nor any of the other voluminous papers filed in this case address whether procedural default of these claims may be excused under either the "cause and prejudice" or "miscarriage of justice" exceptions to procedural default.[5]

Accordingly, it is recommended that the petition be denied as procedurally defaulted with respect to Crist's Fourteenth Amendment due process claim that he was denied a fair trial due to the admission of certain testimony by S.L.

**B. Sufficiency of the Evidence**

Crist also asserts a Fourteenth Amendment due process claim that his conviction for aggravated indecent assault was based on

---

[5] It must be noted that, although afforded the opportunity to do so, Crist filed no reply to the respondent's answer, which explicitly raised the issue of procedural default.

insufficient evidence as a matter of law because there was no evidence that he penetrated the victim's vagina with his finger.

The respondent argues here as well that Crist presented his sufficiency-of-the-evidence claim to the state courts on state-law grounds only, and thus he did not fairly present the state courts with a federal due process claim concerning the sufficiency of the evidence against him. But as the Third Circuit has previously recognized, "an insufficiency of the evidence claim necessarily implicates federal due process rights," and thus, notwithstanding his exclusive reliance on state-law authorities in addressing this issue in state court proceedings, Crist fairly presented the instant federal due process claim concerning insufficiency of the evidence to the state courts. *See Evans v. Court of Common Pleas, Delaware County, Pa.*, 959 F.2d 1227, 1233 (3d Cir. 1992). Accordingly, we must proceed to the merits of this claim.

A federal court may not grant relief on a habeas claim previously adjudicated on the merits in state court unless that adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.

28 U.S.C. § 2254(d). In drafting this statute, Congress "plainly sought to ensure a level of 'deference to the determinations of state courts,' provided those determinations did not conflict with federal law or apply federal law in an unreasonable way." *Williams v. Taylor*, 529 U.S. 362, 386 (2000); *see also Eley v. Erickson*, 712 F.3d 837, 846 (3d. Cir. 2013). Consequently, "state-court judgments must be upheld unless, after the closest examination of the state-court judgment, a federal court is firmly convinced that a federal constitutional right has been violated." *Williams*, 529 U.S. at 387. "A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be [objectively] unreasonable." *Id.* at 411; *see also Eley*, 712 F.3d at 846. Moreover, any factual findings by the state trial and appellate courts are presumed to be correct, and the petitioner bears the burden of rebutting that presumption by clear and convincing evidence. 28 U.S.C.

§ 2254(e)(1); *Burt v. Titlow*, 134 S. Ct. 10, 15 (2013); *Eley*, 712 F.3d at 846.

The Superior Court considered Crist's insufficient evidence claim and denied it on the merits. Pennsylvania law defines the crime of aggravated indecent assault as follows:

> [A] person who engages in penetration, however slight, of the genitals or anus of a complainant with a part of the person's body for any purpose other than good faith medical, hygienic or law enforcement procedures commits aggravated indecent assault if . . . the complainant is unconscious or the person knows that the complainant is unaware that the penetration is occurring . . . .

18 Pa. Cons. Stat. Ann. § 3125(a)(4); *see also Crist*, 2013 WL 11250839, at *9 (quoting § 3125). Moreover, Pennsylvania courts have found that "the term 'penetration, however slight' is not limited to penetration of the vagina; entrance in the labia is sufficient." *Commonwealth v. Hawkins*, 614 A.2d 1198, 1200 n.1 (Pa. Super. Ct. 1992). In denying this insufficient evidence claim, the Superior Court found that:

> In this case, the victim testified that she believed [Crist] penetrated her vagina with his penis. [Crist], however, testified that he could not get an erection at the time and, thus, that he could not have inserted his penis into the victim's vagina. Rather, [Crist] claimed, he only rubbed the victim's vagina with his fingers. After hearing his testimony, the jury concluded that

[Crist] did unlawfully penetrate the unconscious victim's vagina with his fingers and, thus, that [Crist] committed the crime of aggravated indecent assault. In so concluding, the jury apparently did not believe the portion of the victim's testimony wherein she stated that [Crist] used his penis to penetrate her vagina. Instead, the jury apparently concluded, the victim felt [Crist's] fingers inside of her.

Obviously "a jury is entitled to believe all, part, or none of the evidence presented. A jury can believe any part of a witness' testimony that they choose, and may disregard any portion of the testimony that they disbelieve. Credibility determinations are for the jury." Here, the jury apparently believed portions of both the victim's and [Crist's] testimony and apparently disbelieved portions of both the victim's and [Crist's] testimony. Such factual determinations were within the province of the jury and [Crist's] sufficiency of the evidence claim thus fails.

*Crist*, 2013 WL 11250839, at *10 (quoting state authority) (citation and brackets omitted).

There is nothing in the record to suggest that adjudication on the merits by the state appellate court resulted in a decision that was based on an unreasonable determination of the facts, nor is there anything to suggest that adjudication on the merits by the state court was contrary to, or an unreasonable application of, clearly established federal law. On its face, the state appellate court's rationale is a reasonable application of *Jackson v. Virginia*, 443 U.S. 307 (1979), which provides

the controlling standard for evaluating insufficient evidence claims. *See*

*id.* at 319 (holding that, on federal habeas review, "the relevant

question is whether, after viewing the evidence in the light most

favorable to the prosecution, *any* rational trier of fact could have found

the essential elements of the crime beyond a reasonable doubt")

(emphasis in original). As the Supreme Court of the United States has

observed,

> *Jackson* claims face a high bar in federal habeas
> proceedings because they are subject to two layers of
> judicial deference. First, on direct appeal, "it is the
> responsibility of the jury—not the court—to decide
> what conclusions should be drawn from evidence
> admitted at trial. A reviewing court may set aside the
> jury's verdict on the ground of insufficient evidence
> only if no rational trier of fact could have agreed with
> the jury." And second, on habeas review, "a federal
> court may not overturn a state court decision rejecting
> a sufficiency of the evidence challenge simply because
> the federal court disagrees with the state court. The
> federal court instead may do so only if the state court
> decision was 'objectively unreasonable.'"

*Coleman v. Johnson*, 132 S. Ct. 2060, 2062 (2012) (per curiam). Here,

upon review of the record before us, we agree with the state trial court's

finding that: "While the Jury may not have been satisfied that the

penetration occurred with [Crist's] penis, the victim did testify as to

penetration. The Jury also could have concluded that [Crist] rubbed the

victim's vagina without underwear on or with underwear on sufficiently hard enough to have slight penetration." (Doc. 1, at 9–10; Doc. 13-1, at 89–90). Because the record before the state appellate court contained sufficient evidence for a reasonable factfinder to find the essential elements of aggravated indecent assault, his federal habeas claim that his conviction was based on insufficient evidence is meritless.[6]

Accordingly, it is recommended that the petition be denied on the merits with respect to Crist's Fourteenth Amendment due process claim that his conviction for aggravated indecent assault was based on insufficient evidence.

### III.   RECOMMENDATION

Based on the foregoing, it is recommended that the petition (Doc. 1) be **DENIED** and **DISMISSED WITH PREJUDICE**. It is further recommended that the Court decline to issue a certificate of appealability, as the petitioner has failed to demonstrate "a substantial

---

[6] The petitioner suggests that, pursuant to *Fry v. Pliler*, 551 U.S. 112 (2007), we must undertake an independent harmless error analysis. But *Fry* is inapposite here as the state appellate court found no error by the trial court, and, viewing the state court decisions through the doubly deferential lenses of the *Jackson* standard and § 2254(d), we agree.

showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2);

*see also Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); *Slack v.*

*McDaniel*, 529 U.S. 473, 484 (2000).


Dated: June 8, 2016                    **_s/ Joseph F. Saporito, Jr._**
                                       JOSEPH F. SAPORITO, JR.
                                       United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

WILLIAM WALTER CRIST, JR.,

      Petitioner,

      v.

KATHLEEN KANE, Attorney
General of Pennsylvania, et al.,

      Respondents.

CIVIL ACTION NO. 3:14-cv-01412

(CAPUTO, J.)
(SAPORITO, M.J.)

## NOTICE

NOTICE IS HEREBY GIVEN that the undersigned has entered the foregoing Report and Recommendation dated June 8, 2016. Any party may obtain a review of the Report and Recommendation pursuant to Local Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or

specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Dated: June 8, 2016

***s/ Joseph F. Saporito, Jr.***
JOSEPH F. SAPORITO, JR.
United States Magistrate Judge