**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| WILLIAM WALTER CRIST, JR., | |
| Petitioner, | CIVIL ACTION NO. 3:14-CV-01412 |
| v. | (JUDGE CAPUTO) |
| KATHLEEN KANE, Attorney General of Pennsylvania and JAMES ECKARD, Superintendent of SCI Huntingdon, | (MAGISTRATE JUDGE SAPORITO) |
| Respondents. | |

**MEMORANDUM**

Presently before me is the Report & Recommendation of Magistrate Judge Saporito (Doc. 15) regarding a petition for a writ of habeas corpus (Doc. 1) filed by Petitioner William Crist, Jr. ("Petitioner"). Magistrate Judge Saporito recommends that the petition be denied and dismissed with prejudice, and that the Court decline to issue a certificate of appealability. For the reasons that follow, the Report & Recommendation will be adopted and the petition will be dismissed without prejudice to any right Petitioner has to seek authorization from the United States Court of Appeals for the Third Circuit to file a second or successive petition. A certificate of appealability will not issue.

**I. Background**

On July 22, 2014, the Court received and docketed Petitioner's petition for a writ of habeas corpus submitted pursuant to 28 U.S.C. § 2254. (Doc. 1) ("petition"). At the time of the filing of his petition, Petitioner was incarcerated at the State Correctional Institution in Huntingdon, Pennsylvania. (*Id.* ¶ 1.) In his Petition, he challenges his 2011 conviction and subsequent sentencing in the Court of Common Pleas of Union County, Pennsylvania for Aggravated Indecent Assault of an Unconscious Person and Indecent Assault of an Unconscious Person. (*Id.* ¶¶ 7, 15-16.) Petitioner's conviction and sentence were affirmed on direct appeal by the Superior Court of Pennsylvania on November 8, 2013. (*Id.* ¶ 12.) Petitioner did not file a petition for allowance of appeal to the Pennsylvania Supreme Court,

nor did he file a petition for writ of certiorari to the United States Supreme Court. (*Id.* ¶ 13.) Additionally, Petitioner has not sought post-conviction relief under the state Post-Conviction Relief Act ("PCRA"). (Doc. 15, at 2.)

In the instant petition, Petitioner claims that he was denied a fair trial due to the admission of certain testimony in violation of his Fourteenth Amendment due process rights. Additionally, Petitioner asserts a Fourteenth Amendment due process claim that his conviction for Aggravated Indecent Assault was based on insufficient evidence as a matter of law. (Doc. 1 ¶¶ 15-16.) On June 8, 2016, Magistrate Judge Saporito issued the instant Report & Recommendation (Doc. 15) and on June 22, 2016, Petitioner filed his objections and brief in support (Docs. 16, 17). The Commonwealth filed its response in opposition to Petitioner's objections on July 1, 2016. (Doc. 18.) The Report & Recommendation and the objections thereto are now ripe for review.

## II. Legal Standards

**A. Legal Standard in Reviewing a Report & Recommendation**

Where objections to the Magistrate Judge's Report are filed, the court must conduct a *de novo* review of the contested portions of the Report. *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir.1989) (citing 28 U.S.C. § 636(b)(1)). However, this only applies to the extent that a party's objections are both timely and specific; if objections are merely "general in nature," the court "need not conduct a *de novo* determination." *Goney v. Clark*, 749 F.2d 5, 6–7 (3d Cir.1984). Indeed, the Third Circuit has instructed that "providing a complete *de novo* determination where only a general objection to the report is offered would undermine the efficiency the magistrate system was meant to contribute to the judicial process." *Id.* at 7. In conducting a *de novo* review, the court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa.1993). Although the review is *de novo*, the law permits the court to rely on

2

the recommendations of the magistrate judge to the extent it deems proper. *See United States v. Raddatz*, 447 U.S. 667, 675–76 (1980); *Goney*, 749 F.2d at 7; *Ball v. United States Parole Comm'n*, 849 F. Supp. 328, 330 (M.D. Pa.1994). Uncontested portions of the Report may be reviewed at a standard determined by the district court. *See Thomas v. Arn*, 474 U.S. 140, 154 (1985); *Goney*, 749 F.2d at 7. At the very least, the court should review uncontested portions for clear error or manifest injustice. *See, e.g., Cruz v. Chater*, 990 F. Supp. 375, 376–77 (M.D. Pa.1998). Therefore, the Court reviews the portions of the Report & Recommendation to which the petitioner objects specifically *de novo*. The remainder of the Report & Recommendation, and any portion the petitioner objects to generally, is reviewed for clear error.

**B. Habeas Petitions Pursuant to 28 U.S.C. § 2254**

According to 28 U.S.C. § 2254(a), a United States district court shall entertain an application for a writ of habeas corpus when the petitioner is in custody pursuant to a state court judgment "only on the ground he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). But a district court shall entertain the habeas petition only if the applicant has exhausted his state court remedies prior to filing the federal habeas petition. *See* 28 U.S.C. § 2254(b). "Exhaustion requires a petitioner to 'fairly present' his federal claims to the pertinent state court before bringing those claims to federal court." *Evans v. Sec'y Pa. Dep't of Corr.*, 645 F.3d 650, 657 (3d Cir. 2011) (quoting *Leyva v. Williams*, 504 F.3d 357, 365 (3d Cir. 2007)). "To 'fairly present' a claim, a petitioner must present a federal claim's factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted." *McCandless v. Vaughn*, 172 F.3d 255, 261 (3d Cir. 1999). "It is not sufficient that a 'somewhat similar state-law claim was made.'" *Id.* (quoting *Anderson v. Harless*, 459 U.S. 4, 6 (1982)). However, if a federal claim has not been "fairly presented" in state court but state procedural rules bar the petitioner from returning to state court to seek relief, "the exhaustion requirement is satisfied because there is an 'absence of available State corrective process.'" *Id.* at 260 (quoting 28 U.S.C. §

2254(b)). Thus, "a claim may be exhausted but still be deemed as defaulted under state law." *Evans*, 645 F.3d at 657. However, federal courts may not review the merits of a claim deemed exhausted because of a state procedural bar "unless the petitioner 'establishes cause and prejudice or a fundamental miscarriage of justice to excuse' the default." *Lines v. Larkins*, 208 F.3d 153, 160 (3d Cir. 2000) (quoting *McCandless*, 172 F.3d at 260)).

When a petitioner properly presents federal claims to a state court and the state court considers the merits of the federal claims, the deferential standard of review established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") applies. *See Harris v. Ricci*, 607 F.3d 92, 96 (3d Cir. 2010). Under AEDPA:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). For purposes of § 2254(d)(1), "'clearly established law as determined by [the Supreme] Court refers to the holdings, as opposed to the dicta, of th[e] Court's decisions as of the time of the relevant state-court decision.'" *Adamson v. Cathel*, 633 F.3d 248, 255 (3d Cir. 2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 660-61 (2004)). Review under § 2254(d)(1) "is limited to . . . the record before the state court." *Cullen v. Pinholster*, 563 U.S. 170, 182 (2011).

### III. Discussion

On June 8, 2016, Magistrate Judge Saporito issued the instant Report & Recommendation, recommending that the habeas petition be dismissed with prejudice. First, Magistrate Judge Saporito found that Petitioner's federal due process claim asserting that the admission of certain testimony denied him a fair trial was not "fairly

4

presented" to the state courts. The Magistrate Judge concluded Petitioner had therefore failed to exhaust his state court remedies as required by 28 U.S.C. § 2254(b). However, because Petitioner is now barred from pursuing this claim in state court due to the one-year statute of limitations under the state's Post Conviction Relief Act ("PCRA"), the Magistrate Judge found that the claim is technically exhausted and procedurally defaulted. Accordingly, because the claim does not meet either the "cause and prejudice" or "miscarriage of justice" exceptions to the procedural default rule, the Magistrate Judge concluded that the Court cannot review the merits of the claim and the claim must be dismissed. Second, Magistrate Judge Saporito found that Petitioner's federal due process claim asserting his conviction for Aggravated Indecent Assault was based on insufficient evidence lacked merit and should also be dismissed. After reviewing the specific objections to the record *de novo* and the remainder of the Report for clear error, the Court agrees with the Magistrate Judge's findings and conclusions and adopts the Report & Recommendation in its entirety.

**A. Objection One**

Petitioner's first specific objection to the Report & Recommendation asserts that Magistrate Judge Saporito erred in finding that Petitioner did not fairly present a federal due process claim at any phase of the state court proceedings with respect to the admission of testimony by S.L., the mother of the victim's boyfriend and Petitioner's girlfriend at the time. (Doc. 16 ¶ 3.) The Court rejects Petitioner's objection.

Before his trial, Petitioner filed a motion in limine seeking to exclude S.L.'s testimony regarding an attempted sexual assault and assault with a knife that Petitioner allegedly perpetrated on S.L. on the night in question ("the testimony"). (Doc. 3, at 27-28.) The record demonstrates that, at trial, Petitioner objected to the testimony on state evidentiary grounds, and the trial judge considered only evidentiary factors in denying the motion. (*See id.* at 27-28, 58-62; *see also* Doc. 3-1, at 1-3.) Additionally, Petitioner's post-sentence motion seeking a new trial challenged the admission of the testimony solely on state evidentiary grounds (*See* Doc. 4-2, at 78.) Finally, on appeal to the

5

Superior Court, with respect to the challenged testimony, Petitioner argued only that the testimony was wrongfully admitted in violation of the Pennsylvania Rules of Evidence. (*See* Doc. 13-1, at 68-75) (arguing, *inter alia*, that the testimony did not fit an exception under Pennsylvania Rule of Evidence 404(b)(2), and "to the extent [the testimony] was relevant to any issue in this case, its prejudicial effect far outweighed its probative value").

A petitioner "fairly presents" a federal claim when he "present[s] a federal claim's factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted." *Keller v. Larkins*, 251 F.3d 408, 413 (2001) (quoting *McCandless v. Vaughn*, 172 F.3d 255, 261 (3d Cir. 1999)). The "mere similarity of claims is insufficient" to satisfy the "fairly presented" element of the exhaustion requirement. *Id.* Rather, "[b]oth the legal theory and the facts underpinning the federal claim must have been presented to the state courts, and the same method of legal analysis must be available to the state court as will be employed in the federal court." *Evans v. Court of Common Pleas, Del. Cty.*, 959 F.2d 1227, 1231 (3d Cir. 1992) (citations omitted). Indeed, as Magistrate Judge Saporito correctly notes, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court." *Duncan v. Henry*, 513 U.S. 364, 366 (1995).

Accordingly, after reviewing the record *de novo*, the Court agrees with Magistrate Judge Saporito that Petitioner failed to fairly present a federal due process claim with respect to the objected-to testimony at any phase of the state court proceedings. As outlined above, at every stage of the state court process Petitioner challenged the testimony in question on state evidentiary grounds, and the state courts ruled on the objections based on state evidentiary considerations. In his Brief in Support of his objections to the Report & Recommendation, Petitioner argues that his evidentiary challenges to the admission of the testimony in state court were "virtually indistinguishable from the due process allegation now before this Court and the method

6

of analysis is indistinct." (Doc. 17, at 5.) Relying primarily on the Third Circuit's decision in *Evans v. Court of Common Pleas, Delaware County*, Petitioner admits that he challenged the testimony on only state evidentiary grounds, but contends that his evidentiary objections provided the state courts with "the opportunity to engage in 'a method of analysis consistent with the fourteenth amendment due process determinations.'" (*Id.*) (quoting *Evans*, 959 F.2d at 1231). The Court disagrees with Petitioner's argument.

The method of analyzing whether proposed testimony should be excluded under Pennsylvania Rule of Evidence 404(b) is not "consistent" with the method of analyzing whether admission of such testimony denies a criminal defendant due process of law under the Fourteenth Amendment. In *Duncan v. Henry*, the Supreme Court concluded that a criminal defendant's challenge to an evidentiary ruling on solely state law evidentiary grounds did not "fairly present" the state courts with a federal due process claim because the methods of analyzing the two claims are distinct. *See Duncan v. Henry*, 513 U.S. 364, 366 (1995). In that case, the Supreme Court explained that the state courts analyzed the petitioner's claim by utilizing a state-law method of analysis. *See id.* (noting that the state appellate court "analyzed the evidentiary error by asking whether its prejudicial effect outweighed its probative value"). At no juncture did a state court analyze the petitioner's claim by inquiring into "whether [the evidence] was so inflammatory as to prevent a fair trial"– that is, by undertaking a federal due process analysis. *See id.* Because the petitioner never "apprised the state court of his claim that the evidentiary ruling of which he complained . . . denied him the due process of law guaranteed by the Fourteenth Amendment," and because the state court "confined its analysis to the application of state law," the *Duncan* Court found the petitioner to have failed to "fairly present" his federal due process claim to the state court, and therefore the petitioner had not exhausted his state remedies. *See id.*

In accordance with *Duncan*, and contrary to Petitioner's assertion, the methods of analyzing whether proposed testimony should be admitted under Pennsylvania Rule of

Evidence 404(b) and whether admitting such testimony violates the Due Process Clause of the Fourteenth Amendment are distinct. Similar to its Federal Rules of Evidence counterpart, under Pennsylvania Rule of Evidence 404(b) a court must analyze whether evidence of "other crimes, wrongs, or acts" is admissible for a purpose other than "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." PA. R. EVID. 404(b)(1). This is the method of analysis which the trial court undertook and the superior court affirmed. *See Commonwealth. v. Crist*, 2013 WL 11250839, at *11-12 (Pa. Super. Ct. Nov. 8, 2013) (affirming the trial court's ruling that testimony regarding Petitioner's alleged attempt to sexually assault S.L. was admissible to establish Petitioner was physically capable of having sexual intercourse on the night in question, and testimony regarding Petitioner's alleged attempt to assault S.L. with a knife was admissible to establish Petitioner's consciousness of guilt).

      At no point did Petitioner indicate to the state courts that he challenged the testimony on federal due process grounds, and the state courts never independently analyzed whether admission of the testimony violated Petitioner's due process rights. *Cf. Lisenba v. California*, 314 U.S. 219, 236 (1941) (holding that, in the context of criminal defendants' due process rights, courts must analyze whether "the absence of [fundamental] fairness fatally infected the trial; the acts complained of must be of such quality as necessarily prevents a fair trial"). Indeed, whether evidence of "other crimes, wrongs, or acts" is admissible for a non-propensity purpose under Pennsylvania Rule of Evidence 404(b) has no direct bearing on whether that same piece of evidence violates a criminal defendant's federal due process rights. *See id.* at 236 (noting that the criteria for deciding whether application of a state evidentiary rule to a particular defendant violates his federal due process rights "may differ from those appertaining to the State's rule as to the admissibility" of evidence). The Pennsylvania state courts thus "understandably confined [their] analysis to the application of state law" because Petitioner raised only state law claims with respect to the testimony. *Duncan*, 513 U.S. at

366. Accordingly, the state courts did not conduct a method of analysis "consistent" with federal due process determinations.

Furthermore, Petitioner's reliance on the Third Circuit's decision in *Evans* is misplaced. In *Evans*, which was decided three years prior to the Supreme Court's decision in *Duncan*, the petitioner challenged the sufficiency of the evidence upon which she was convicted on direct appeal. *See Evans v. Court of Common Pleas, Del. Cty.*, 959 F.2d 1227, 1229 (3d Cir. 1992). The *Evans* court noted that insufficiency of the evidence claims are generally grounded in state law. *See id.* at 1231. But despite raising a state law insufficiency of the evidence claim on direct appeal, the petitioner raised a Fourteenth Amendment due process claim for the first time in her habeas petition. *See id.* at 1229. However, because the Third Circuit concluded that the test for insufficiency of the evidence was the same under both Pennsylvania law and the Fourteenth Amendment Due Process Clause, the court held that the "method of analysis asserted in the federal courts was readily available to the state court," and the petitioner's federal due process claim was therefore the "substantial equivalent of that presented to the state courts." *Id.* at 1232-33 (internal citations omitted).

Unlike the case in *Evans*, the state law test for deciding whether evidence is properly admitted under Pennsylvania Rule of Evidence 404(b) is not the same as the standard for assessing whether admission of certain evidence violates a particular defendant's Fourteenth Amendment due process rights. Whereas the state evidentiary test inquires into whether proposed evidence has a sufficiently probative non-propensity purpose, the constitutional test asks whether the admission of the evidence amounts to an unfair trial. Accordingly, the Court finds that Petitioner failed to "fairly present" his federal due process claim with respect to the challenged testimony and therefore did not satisfy the exhaustion requirement. The Court adopts this portion of the Report & Recommendation.

**B. Objection Two**

Petitioner's second objection to the Report & Recommendation asserts that Magistrate Judge Saporito erred in finding "that since there was a procedural default that the Court could not review the [federal due process claim regarding the challenged testimony] on the basis that failure to review the claim will result in a fundamental miscarriage of justice." (Doc. 16 ¶ 3.) The Court interprets this objection to be arguing that the Magistrate Judge should have reviewed the merits of Petitioner's due process claim regarding the challenged testimony because failing to do so would result in a fundamental miscarriage of justice. The Court rejects this objection to the Report & Recommendation.

Magistrate Judge Saporito correctly concluded that Petitioner's federal due process claim concerning the testimony is technically exhausted because, although Petitioner failed to fairly present his federal claim in state court, the one-year statute of limitations under the PCRA constitutes an independent and adequate state procedural rule barring Petitioner from presently seeking relief on that claim in state court. *See McCandless v. Vaughn*, 172 F.3d 255, 260 (3d Cir. 1999); *see also Glenn v. Wynder*, 743 F.3d 402, 409 (3d Cir. 2014) (noting that a defendant's claim is ordinarily procedurally defaulted if barred by the statute of limitations under the PCRA). Additionally, the Magistrate Judge correctly noted that "claims deemed exhausted because of a state procedural bar are procedurally defaulted, and federal courts may not consider their merits unless the petitioner 'establishes cause and prejudice or a fundamental miscarriage of justice to excuse' the default." *Lines v. Larkins*, 208 F.3d 153, 160 (3d Cir. 2000) (quoting *McCandless*, 172 F.3d at 260)). Furthermore, the Report & Recommendation correctly explicates the standards for what constitutes "cause and prejudice" or a "fundamental miscarriage of justice" warranting excusal of the procedural default.

Petitioner objects only to the Magistrate Judge's conclusion that Petitioner's procedural default may not be excused under the miscarriage of justice exception to the procedural default rule. Specifically, he rejects the Magistrate Judge's conclusion that

Petitioner "must present new evidence that he is actually innocent of the crime for which he has been convicted" in order to avail himself of the miscarriage of justice exception. (*See* Doc. 17, at 6.) Petitioner instead seeks to rely on the fact that he testified at trial that "he was actually innocent of all charges pending against him," and the fact that the jury found him not guilty on one of the three charges brought against him as a basis for invoking the miscarriage of justice exception. (*Id.*) The Court rejects Petitioner's argument.

The fundamental miscarriage of justice exception to the procedural default rule is "rare" and should "only be applied in the extraordinary case." *Schlup v. Delo*, 513 U.S. 298, 321 (1995). To demonstrate a fundamental miscarriage of justice, "a petitioner must demonstrate that he is actually innocent of the crime." *Keller v. Larkins*, 251 F.3d 408, 415-16 (3d Cir. 2001) (citing *McCleskey v. Zant*, 499 U.S. 467, 494 (1991)). "[I]n habeas jurisprudence, actual innocence means factual innocence, not mere legal insufficiency." *United States v. Garth*, 188 F.3d 99, 107 (3d Cir. 1999). The Supreme Court has informed that "[w]ithout any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim." *Schlup*, 513 U.S. at 316. And the Third Circuit has accordingly concluded that a petitioner must present "new evidence of innocence" in order to demonstrate that the foreclosure of collateral review due to a procedural default would constitute a fundamental miscarriage of justice. *See Keller*, 251 F.3d at 416.

In his original petition, Petitioner failed to even address whether his procedural default could be excused under the miscarriage of justice exception. In the present objection to the Report & Recommendation, Petitioner points to no piece of new evidence demonstrating that he is factually innocent of the crimes for which he has been convicted. Instead, Petitioner merely reiterates the same evidence upon which he was convicted at trial as the basis for invoking the "rare" fundamental miscarriage of justice exception. Because Petitioner failed to present new evidence demonstrating his actual

11

innocence, and because Petitioner has made no showing that this is an "extraordinary case," the Court cannot review the merits of Petitioner's procedurally defaulted due process claim under the miscarriage of justice exception. Accordingly, the Court adopts the Magistrate Judge's conclusion to deny the petition as procedurally defaulted with respect to Petitioner's claim that he was denied a fair trial due to the admission of the testimony.

**C. Objection Three**

Petitioner's final objection to the Report & Recommendation generally argues that the Magistrate Judge erred in finding that Petitioner's insufficiency of the evidence claim should be denied because nothing in the record suggests the state appellate court decision was based on an unreasonable determination of the facts, or was contrary to, or an unreasonable application of, clearly established federal law. (Doc. 16 ¶ 4.); *see* 28 U.S.C. § 2254(d). However, this objection "lack[s] the specificity required by [28 U.S.C.] § 636(b)(1)." *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984). "To obtain *de novo* determination of a magistrate's findings by a district court, 28 U.S.C. § 636(b)(1) requires both timely and *specific objections to the report*." *Id.* at 6 (emphasis added). "[A] district court need not conduct a *de novo* determination if objections are not . . . specific." *Id.* at 6-7 (citing *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) ("Frivolous, conclusive or general objections need not be considered by the district court.")); *see also Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988) ("Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court."). As the Third Circuit explained, "providing a *de novo* determination where only a general objection to the report is offered would undermine the efficiency the magistrate system was meant to contribute to the judicial process." *Goney*, 749 F.2d at 7.

Petitioner's final objection lacks the specificity required by § 636(b)(1) to receive *de novo* review. The one-sentence objection generally contests Magistrate Judge

12

Saporito's conclusion while merely reciting the statutory standard under which a federal court may grant habeas relief on a claim previously adjudicated on the merits in state court. (*See* Doc. 16 ¶ 4) ("Specifically, the judge erred in finding that there is nothing in the record to suggest that the adjudication on the merits by the state appellate court resulted in a decision that was based on unreasonable determination of the facts, nor is there anything to suggest that adjudication on the merits by the state court was contrary to, or an unreasonable application of, clearly establish [sic] federal law."). This objection is conclusory and does not cite to any specific finding in the Report & Recommendation that is allegedly erroneous. The objection does not argue that the Magistrate Judge overlooked relevant law or misinterpreted precedent. Indeed, the objection does not state which of the Magistrate Judge's findings or conclusions misread the state court record, and does not argue why the state court decision was based on an unreasonable determination of the facts or was contrary to, or an unreasonable application of, clearly established federal law. Rather, Petitioner proffers a one-sentence recitation of the standard for granting habeas relief under § 2254(d), and then summarily asserts that the Magistrate Judge erred in not finding the standard satisfied with respect to his insufficiency of the evidence claim. The Court finds that this is not a "specific objection" as required by § 636(b)(1). Consequently, because Petitioner failed to make a specific objection to this portion of the Magistrate Judge's Report, the Court will review these findings and conclusions under the clear error standard of review.

Under the clear error standard of review, the Court agrees with the Magistrate Judge's findings and conclusions with respect to Petitioner's sufficiency of the evidence claim. The Magistrate Judge's Report & Recommendation concludes that nothing in the record "suggests that adjudication on the merits by the state appellate court resulted in a decision that was based on an unreasonable determination of the facts, nor is there anything to suggest that adjudication on the merits by the state court was contrary to, or an unreasonable application of, clearly established federal law." (Doc. 15, at 16.) Furthermore, the Magistrate Judge found that the state appellate court reasonably

applied the controlling standard for evaluating insufficiency of the evidence claims, and that, under the standard, a reasonable factfinder could find that there was sufficient evidence to convict Petitioner of Aggravated Indecent Assault. (*Id.* at 16-18.) The Court agrees with the Magistrate Judge's findings and conclusions and adopts this portion of the Report & Recommendation.

## IV. Conclusion

For the above stated reasons, the Court adopts Magistrate Judge Saporito's Report & Recommendation in its entirety. Petitioner's petition for a writ of habeas corpus (Doc. 1) will be denied with respect to all claims. Pursuant to Local Appellate Rule 22.2 of the Rules of the United States Court of Appeals for the Third Circuit, at the time a final order denying a petition under 28 U.S.C. § 2254 is issued, the district court must make a determination as to whether a certificate of appealability ("COA") should issue. *See* 3d.Cir. L.A.R. 22.2. A COA should issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To meet this burden where a district court has rejected the constitutional claim on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). But "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

Because reasonable jurists would not debate the dismissal of the petition, a certificate of appealability will not issue.

An appropriate order follows.

September 26, 2016  /s/ A. Richard Caputo
Date  A. Richard Caputo
 United States District Judge